UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CLAUDIA GISELA GUTIERREZ BUESO** | **CASE NO.  3:25-CV-01505 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **KRISTI NOEM ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

MEMORANDUM ORDER

Pending before the Court is a Motion for Temporary Restraining Order ("TRO"), Motion for Preliminary Injunction ("PI"), Motion to Conduct a Bond Hearing, and Motion for Permission to Appear Remotely [Doc. No. 7] filed by Petitioner, Claudia Gisela Gutierrez Bueso ("Petitioner"). Respondents, Kristi Noem, Todd Lyons, Pamela Bondi, Stanley Crockett, and Lisa Bowen (in their official capacities) (collectively, "Respondents"), oppose both Motions [Doc. No. 13]. Petitioner filed a reply [Doc. No. 14]. After carefully considering Petitioner's filings and the applicable law, the Motions are **DENIED**.

I.  Background

Petitioner is an illegal immigrant who is a native and citizen of Honduras.[1] Petitioner entered the United States illegally in 2001.[2] The Department of Homeland Security ("DHS") issued a Noteice to Appear ("NTA") charging Petitioner with removal under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the U.S. who has not been admitted or paroled.[3] On July 19, 2001, an immigration judge granted Petitioner

---

[1] [Doc. No. 7-1, p. 2].
[2] [Doc. No. 13, p. 2].
[3] [Id.].

voluntary departure.[4] Petitioner failed to depart.[5] Petitioner alleges that on March 18, 2025, an immigration judge reopened her prior removal order.[6] She further alleges that on August 4, 2025, the immigration judge again found her removable and denied relief, a decision that Petitioner appealed.[7] Petitioner's daughter filed a Form I-130, Petition for Alien Relative, on her behalf.[8] On September 8, 2025, Petitioner attended a scheduled biometrics appointment at U.S. Citizenship and Immigration Services ("USCIS") in New York to apply for an Employment Authorization Document.[9] Immigration and Customs Enforcement ("ICE") arrested and detained her, and then moved her to Richwood Detention Center in Monroe, Louisiana, where she remains detained.[10]

Petitioner filed a Petition for Writ of Habeas Corpus [Doc. No. 1] ("Habeas Petition") on October 7, 2025, seeking immediate release from DHS's custody or, in the alternative, a bond hearing. Petitioner also filed the pending Motions for Order to Show Cause and Motion for TRO and PI.[11] Petitioner's central argument in each Motion is that she is unlawfully being detained under 8 U.S.C § 1225(b)(2)(A) and should instead be detained under 8 U.S.C. § 1226(a) which does not require mandatory detention and entitles her to a bond hearing.[12] Respondents oppose all Motions, and specifically argue that the Motion for TRO and PI are improper vehicles

---

[4] [Id.].
[5] [Id.].
[6] [Doc. No. 7-1, p. 2].
[7] [Id.].
[8] [Id.].
[9] [Id.].
[10] [Id.].
[11] [Doc. Nos. 4, 7].
[12] [Doc. Nos. 1, 4, 7].

Page **2** of **6**

to adjudicate the merits of Petitioner's underlying Habeas Petition and are duplicative.[13]

The parties have briefed all relevant issues, and the matter is ripe.

**II.    Law and Analysis**

Federal courts may issue a TRO *ex parte* or after notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b).

Rule 65 also vests federal courts with the authority to issue PIs. *See id.* But it does not say when courts may issue them. In *Winter v. Nat. Res. Def. Council, Inc.*, the Supreme Court laid a four-part test that lower courts must follow when considering whether to issue a preliminary injunction. 555 U.S. 7 (2008). Parties "seeking a preliminary injunction must establish (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in their favor, *and* (4) that an injunction is in the public interest." *Id.* at 20 (citation modified).

The Supreme Court, very recently, reminded lower courts that PIs are, as their name suggests, preliminary and should "not conclusively resolve legal disputes."

---

[13] [Doc. No. 13, p. 41].

*Lackey v. Stinnie*, 604 U.S. 192, 200 (2025). In other words, they should not be used to rule on the final, merits question.

Rather, TROs and PIs help "preserve the status quo until a trial" or other final disposition is rendered. *Id.* at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 or the *Winters* factors, it is implicit in the "irreparable harm" prong. Courts sometimes describe irreparable harm as those injuries, which "cannot be undone through monetary remedies." *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984) (citation omitted). But that is only one side of the coin. Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974); *see also* Samuel L. Bray, *The Purposes of the Preliminary Injunction*, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." *Callaway*, 489 F.2d at 573.

Here, Petitioner seeks the same relief in her underlying Habeas Petition and her Motions for preliminary relief—release from ICE custody.[14] Liberty is inarguably the most paramount natural right. And true, the Fifth Circuit has held even momentary loss of a right constitutes irreparable injury. *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 295 (5th Cir. 2012) (citation omitted) ("The loss

---

[14] [Doc. No. 1, p.18]; [Doc. No. 7, p. 1].

Page 4 of 6

of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."). But context matters. In *Opulent Life Church*, the plaintiff leased property for a new church but was denied a renovation permit by the defendants. *Id.* at 283. In finding the defendant's act caused irreparable harm, the Fifth Circuit noted that the plaintiff "will lose its lease if it is not allowed to operate in its leased property." *Id.* at 297. So, a final ruling on the merits is too little, too late. Again, the inquiry is whether something suggests a final ruling would not grant the plaintiff the prayed-for relief. *See Callaway*, 489 F.2d at 573.

Petitioner cannot show either that she faces imminent removal or the existence of something else that would make a favorable ruling on the Habeas Petition too little, too late. Petitioner's sole claim of irreparable harm or injury is that she is separated from her family.[15] Respondents argue that Petitioner cannot prove irreparable harm because detention alone does not constitute irreparable harm nor has, she alleged any harm of a constitutional dimension.[16] The Court agrees with Respondents. So, her Motions fail.

The Court notes that these findings may change. If Respondents' actions change Petitioner's circumstances such that the Court could not eventually redress Petitioner's claims, preliminary relief might be appropriate. Accepting Petitioner's contention that any unlawful detention warrants preliminary relief would circumvent the Congressionally-selected procedures set forth in the habeas statute, 28 U.S.C. § 2241. This Court declines to do so.

---

[15] [Doc. No. 7-1, p. 13]; [Doc. No. 14, p. 10].
[16] [Doc. No. 13, p. 39].

### III. Conclusion

For these reasons,

**IT IS ORDERED** that Petitioner's Motions [Doc. No. 7] are **DENIED**.

**IT IS FURTHER ORDERED** for a Temporary Restraining Order and Motion for a Preliminary Injunction are **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Conduct a Bond Hearing is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Permission to Appear Remotely is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Habeas Petition [Doc. No. 1] is referred to the Magistrate Judge.

MONROE, LOUISIANA, this 22nd day of December 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE