UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CLAUDIA GISELA GUTIERREZ BUESO**     **CASE NO.  3:25-CV-01505 SEC P**

**VERSUS**     **JUDGE TERRY A. DOUGHTY**

**KRISTI NOEM ET AL**     **MAG. JUDGE KAYLA D. MCCLUSKY**

MEMORANDUM ORDER

Pending before the Court is a Motion for Order to Show Cause and Motion for Permission to Appear Remotely [Doc. No. 4] filed by Petitioner, Claudia Gisela Gutierrez Bueso ("Petitioner").

For the following reasons, Petitioner's Motions are **DENIED**.

I.     Background

Petitioner is an illegal immigrant who is a native and citizen of Honduras.[1] Petitioner entered the United States illegally in 2001.[2] The Department of Homeland Security ("DHS") issued a Noteice to Appear ("NTA") charging Petitioner with removal under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the U.S. who has not been admitted or paroled.[3] On July 19, 2001, an immigration judge granted Petitioner voluntary departure.[4] Petitioner failed to depart.[5] Petitioner alleges that on March 18, 2025, an immigration judge reopened her prior removal order.[6] She further alleges that on August 4, 2025, the immigration judge again found her removable and denied

---

[1] [Doc. No. 7-1, p. 2].
[2] [Doc. No. 13, p. 2].
[3] [Id.].
[4] [Id.].
[5] [Id.].
[6] [Doc. No. 7-1, p. 2].

relief, a decision that Petitioner appealed.[7] Petitioner's daughter filed a Form I-130, Petition for Alien Relative, on her behalf.[8] On September 8, 2025, Petitioner attended a scheduled biometrics appointment at U.S. Citizenship and Immigration Services ("USCIS") in New York to apply for an Employment Authorization Document.[9] Immigration and Customs Enforcement ("ICE") arrested and detained her, and then moved her to Richwood Detention Center in Monroe, Louisiana, where she remains detained.[10]

Petitioner filed her habeas petition seeking immediate release or in the alternative a bond hearing.[11] She presently requests that the Court issue an Order to Show Cause under 28 U.S.C. § 2243; and thus, require that Respondents file a return within three days.[12]

## II. Law and Analysis

Section 2243 states that a court "entertaining an application for a writ of habeas corpus shall" issue forthwith "an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243 (2025). The show cause order "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

---

[7] [Id.].
[8] [Id.].
[9] [Id.].
[10] [Id.].
[11] [Doc. No. 1].
[12] [Doc. No. 4].

The statutory time-limits of § 2243 are not, however, all-encompassing. The Supreme Court has promulgated, pursuant to 28 U.S.C. § 2072, "Rules Governing Section 2254 Cases in the United States District Courts" ("2254 Rules"). District courts may "apply any or all of these rules to a habeas corpus petition" that is not based on 28 U.S.C. § 2254. SECT 2254 Rule 1(b). Thus, this Court may apply the 2254 Rules to cases based on § 2241 as well. Rule 4 of the 2254 Rules states that courts "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." SECT 2254 Rule 4.

"The discretion accorded by Rule 4 of the 2254 Rules 'prevails' over the strict time limits of [Section] 2243." *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001). A court may, therefore, allow a respondent time to conduct a reasonable investigation before requiring a response or holding a hearing. *See, e.g.*, *Baker v. Middlebrooks*, 2008 WL 938725 (N.D. Fla. Apr. 8, 2008) (allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV-826, 2008 WL 3835764 (E.D. Cal. Aug. 15, 2008) (same); *Romero v. Cole*, No. 1:16-CV-00148, 2016 WL 2893709 (W.D. La. Apr. 13, 2016) (same), *report and recommendation adopted*, No. 1:16-CV-00148, 2016 WL 2844013 (W.D. La. May 12, 2016).

The Court has already considered and denied Petitioner's related motions for temporary restraining order and preliminary injunction.[13] In that ruling, the Court found that Petitioner failed to demonstrate irreparable harm, noting that she did not

---

[13] [Doc. No. 18].

show imminent removal or a deprivation of rights that a final ruling on the merits count not eventually redress.[14]

While Petitioner argues that her continued detention warrants the expedited three-day framework of § 2243, the Court finds that adhering to such a compressed schedule is unnecessary here. Granting a request for an immediate show cause order would circumvent the standard procedures the Court uses to manage its docket and allow for deliberate consideration of the merits. Therefore, the Court declines to issue the requested order.

### III. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Motion for the Issuance of an Order to Show Cause [Doc. No. 4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Appear Remotely [Doc. No. 4] is **DENIED AS MOOT**.

MONROE, LOUISIANA, this 22nd day of December 2025.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[14] [Id.].